IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MONTE DECARLOS WINSTON,

     Plaintiff,

v.                                   Criminal No. 3:11cv812

UNITED STATES OF AMERICA,

     Defendant.

### MEMORANDUM OPINION

Monte DeCarlos Winston, a federal prisoner proceeding pro se, filed this complaint pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2689, with jurisdiction vested pursuant to 28 U.S.C. § 1331. Winston alleges that Dr. Kathleen M. Anderson negligently performed a dental procedure which resulted in injury to Winston's tooth and gum. (Compl. 1.) Defendant submitted a motion to dismiss or, alternatively, a motion for summary judgment.[1] (ECF Nos. 30, 31.) Defendant provided appropriate Roseboro[2] notice. (ECF No. 33.) Winston has responded. (ECF No. 37.) The matter is ripe for judgment.

---

[1] Defendant argues that Winston's Complaint should be dismissed because of Winston's failure to comply with the mandatory expert certification requirement set forth in the Virginia Medical Malpractice Act, Va. Code Ann. § 8.01-20.1 (2013) ("VMMA"), and in the alternative, that Dr. Anderson was qualified to perform Winston's tooth extraction.

[2] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

For the reasons stated below, the Court will grant the motion for summary judgment.

## I.   OUTSTANDING MOTIONS

Winston has filed two motions pursuant to Federal Rules of Civil Procedure 36 and 56(f) asking the Court to order Defendant to answer interrogatories and a request for admission (ECF Nos. 35-36 ("Rule 56(f) Motions")), and an additional motion contesting the ripeness of the case because the Court has not ruled on his two discovery requests (ECF No. 42 ("Ripeness Motion").)

As a general rule, "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986). Rule 56(f) "permits a court to deny summary judgment or to order a continuance if the nonmovant shows through affidavits that it could not properly oppose a motion for summary judgment without a chance to conduct discovery." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996). A "Rule 56(f) affidavit must specifically identify what evidence discovery will turn up and how that evidence will allow the party to oppose summary judgment. The affidavit should 'particularly specif[y] legitimate needs for further discovery.'" Hamilton v.

2

Geithner, No. 1:08cv1112 (JCC), 2009 WL 1683298, at *6 (E.D. Va. June 15, 2009) (alteration in original) (quoting Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995)).   Winston fails to submit the requisite affidavit in support of his Rule 56(f) Motions.   Evans, 80 F.3d at 961 (emphasizing that "the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate" (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994) (internal quotation marks omitted))). Accordingly, Winston's Motions (ECF Nos. 35-36) will be denied. Winston's Ripeness Motion (ECF No. 42) will be denied as moot.

## II.   WINSTON'S ALLEGATIONS

In his Complaint, Winston alleges that:

On 10-26-10[,] K. Anderson DHD[,] while working in the dental department of F.C.C. Petersburg (Med)[,] performed a dental procedure that she was not qualified to perform and it resulted in an injury to my tooth and gum that is still injured.   The dental department at Petersburg F.C.C. (Med) violated Federal Policy by allowing K. Anderson DHD to perform a dental procedure that she was not qualified to perform, and without assistance from a qualified dental professional.   She also administered numbing medication without proper credentials.

(Compl. 1.) Winston requests $50,000 in monetary damages for pain and suffering. (Id. at 2.)

### III.   SUMMARY JUDGMENT STANDARD

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Id. at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." United States v. Carolina Transformer Co., 978 F.2d 832, 835 (4th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). However, a mere scintilla of

evidence will not preclude summary judgment. <u>Anderson</u>, 477 U.S. at 251 (citing <u>Improvement Co. v. Munson</u>, 81 U.S. (14 Wall.) 442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" <u>Id.</u> (quoting <u>Munson</u>, 81 U.S. at 448). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" <u>Forsyth v. Barr</u>, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting <u>Skotak v. Tenneco Resins, Inc.</u>, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); <u>see</u> Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . ."). In support of its Motion for Summary Judgment, as pertinent here, the Defendant submits the affidavit of Dr. Kathleen Anderson, D.M.D., a Dental Officer at FCC Petersburg (Mem. Supp. Mot. Summ. J. Ex. 2 ("Anderson Aff.") (ECF No. 32-2)), and medical records from Winston's visits to the Dental Clinic (Anderson Aff. Attachs. 1-6).

As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. <u>Celotex Corp.</u>, 477 U.S. at 324. Winston responded with an unsworn response and memorandum in support. (ECF Nos. 37-38.)

5

In light of the foregoing principles and submissions, the following facts are established for the purposes of the Motion for Summary Judgment.  All permissible inferences are drawn in favor of Winston.

## IV.  UNDISPUTED FACTS

Kathleen M. Anderson, D.M.D, is licensed as a dentist by the Commonwealth of Massachusetts and has served as a Commissioned Dental Officer in the United States Public Health Service since 1996.  (Anderson Aff. ¶¶ 1-2.)  On September 20, 2010, the BOP granted dental practice privileges to Dr. Anderson to serve as a Dental Officer at the Federal Correctional Complex in Petersburg, Virginia ("FCC Petersburg").  (Id. ¶¶ 1, 6.)  Dr. Anderson's privileges included a variety of dental procedures including, but not limited to, surgery and extractions.  (Id. ¶ 6.)

Dr. Anderson treated Winston on several occasions in the Dental Clinic.  (Id. ¶ 8.)  On October 22, 2010, Winston "presented with a soft, decayed area in his lower, left, 3rd molar (Tooth #17) which had extended into [the] soft tissue center of his tooth."  (Id. ¶ 9.)  Dr. Anderson determined that "the tooth was non-restorable and needed to be extracted." (Id.)  Dr. Anderson discussed the procedure with Winston, and Winston signed a consent form which notified Winston about possible complications of the procedure.  (Id.; see Attach. 3,

at 1.)  Dr. Anderson explains that "[t]he consent formed signed by Mr. Winston mistakenly states that his lower left 2nd molar (Tooth #18) was being removed, however, Tooth #17 was in fact the tooth that was non-restorable and was extracted." (Anderson Aff. ¶ 9; Attach. 3, at 1.)

On October 26, 2010, after the extraction of Winston's molar, Winston visited the Dental Clinic complaining of a toothache. (Id. ¶ 10; Attach. 4, at 1.)  Dr. Anderson examined Winston and "determined that a part of the molar's mesial root remained following the extraction." (Anderson Aff. ¶ 10; Attach. 4, at 2.)  Dr. Anderson explains that "[t]his is a common occurrence, and [was] listed as one of the possible complications on the consent form signed by Mr. Winston." (Anderson Aff. ¶ 10; see Attach. 3, at 1.)  Dr. Anderson advised Winston to take Ibuprofen and prescribed Amoxicillin. (Anderson Aff. ¶ 10.)

Winston visited the Dental Clinic again on November 3, 2010, complaining of pain in the gum area, and seeking additional antibiotics and pain medicine, even though Dr. Anderson had prescribed a sufficient quantity to last until November 5, 2010. (Id. ¶ 11; see Attach. 5, at 1-2.)  The treating Dental Officer noted that Winston's "extraction was healing within normal limits" and refused to provide additional medications. (Anderson Aff. ¶ 11; see Attach. 5, at 1-2.)

7

On April 26, 2011, Winston's post-operative radiograph performed by an Oral Surgeon revealed that Winston had a "'radio-opaque lesion distal to root sockets of #17.'" (Anderson Aff. ¶ 12; Attach. 6, at 1.)   The Oral Surgeon diagnosed Winston "as having a supernumerary tooth in the back part of his jaw, Tooth #17a." (Anderson Aff. ¶ 12; see Attach 6, at 1.)   Dr. Anderson explains that "[s]upernumerary teeth are rare, and are extra teeth that are present in addition to the normal permanent adult teeth.   Generally, supernumerary teeth do not cause any complications." (Anderson Aff. ¶ 12.)

## V.   ANALYSIS

The FTCA creates a limited waiver of the sovereign immunity of the United States "by authorizing damages actions for injuries caused by the tortious conduct of federal employees acting within the scope of their employment, when a private person would be liable for such conduct under state law." Suter v. United States, 441 F.3d 306, 310 (4th Cir. 2006) (citing 28 U.S.C. § 1346(b)(1)).   In actions brought pursuant to the FTCA, courts apply the substantive law of the state in which the act or omission occurred.   28 U.S.C. § 1346(b)(1).   Thus, Virginia law governs "the manner and extent to which [Winston] may be liable." Parker v. United States, 475 F. Supp. 2d 594, 596

8

(E.D. Va. 2007) (citing Starns v. United States, 923 F.2d 34, 37 (4th Cir. 1991)).

The VMMA requires that, prior to serving the defendant, a party alleging medical malpractice must obtain an expert certification of merit indicating that the defendant "deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed." Va. Code Ann. § 8.01-20.1.[3]  If a plaintiff fails to obtain a necessary certifying expert opinion at the time the plaintiff requested service, "the

---

[3] Specifically, Va. Code Ann. § 8.01-20.1 states as follows:

> Every motion for judgment, counter claim, or third party claim in a medical malpractice action, at the time the plaintiff requests service of process upon a defendant . . . shall be deemed a certification that the plaintiff has obtained from an expert witness . . . a written opinion signed by the expert witness that, based upon a reasonable understanding of the facts, the defendant . . . deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed. . . .
>
> . . . .
>
> Upon written request of any defendant, the plaintiff shall, within 10 business days after receipt of such request, provide the defendant with a certification form that affirms that the plaintiff had obtained the necessary certifying expert opinion at the time service was requested or affirms that the plaintiff did not need to obtain a certifying expert witness opinion. If the plaintiff did not obtain a necessary certifying expert opinion at the time the plaintiff requested service of process on a defendant as required under this section, the court shall impose sanctions . . . and may dismiss the case with prejudice.

Id.

court shall impose sanctions . . . and may dismiss the case with prejudice." Id.; see Parker, 475 F. Supp. 2d at 596-97 (citations omitted). The VMMA provides a limited exception to the certification requirement where expert certification is excused "if the plaintiff, in good faith, alleges a medical malpractice action that asserts a theory of liability where expert testimony is unnecessary because the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience." Va. Code Ann. § 8.01-20.1. This exception "applies only in 'rare instances' because only rarely do the alleged acts of medical negligence fall within the range of a jury's or factfinder's common knowledge and experience." Parker, 475 F. Supp. 2d at 597 (quoting Beverly Enter.-Va., Inc. v. Nichols, 441 S.E.2d 1, 3 (Va. 1994)); see Keitz v. Unnamed Sponsors of Cocaine Research Study, 510 F. App'x 254, 255-56 (4th Cir. 2013).

On October 11, 2012, Defendant formally requested from Winston a written certification affirming Winston's compliance with the expert certification requirement of the VMMA. (Mem. Supp. Summ. J. Ex. 1, at 1). Winston failed to provide Defendant with the certification form within ten days as required by the VMMA. See Va. Code Ann. § 8.01-20.1. It is undisputed that Winston failed to provide an expert certification of merit prior to serving process on the

Defendant.   Thus, to avoid dismissal of his Complaint, Winston must establish "that this case is one of those 'rare instances' where the alleged acts of medical negligence fall within a factfinder's common knowledge and experience." Parker, 475 F. Supp. 2d at 597 (quoting Beverly Enter.-Va., 441 S.E.2d at 3). Winston fails to do so.

First, Winston bases his negligence claim on the theory that Dr. Anderson lacked proper medical credentials and qualifications to perform the tooth extraction. (Compl. 1-2.) However, the undisputed facts establish that Dr. Anderson possessed the proper licensure and qualifications to perform Winston's tooth extraction. (Anderson Aff. ¶¶ 1-2, 6.) Moreover, to the extent that Winston challenges Dr. Anderson's professional medical judgment to extract the tooth, the extraction procedure, and the post-extraction treatment, such matters "'can be resolved only by reference to expert opinion testimony.'" Parker, 475 F. Supp. 2d at 597 (quoting Callahan v. Cho, 437 F. Supp. 2d 557, 563 (E.D. Va. 2006)). Thus, Winston's claim fails to fall within the limited common knowledge exception to the VMMA's expert certification requirement. Accordingly, Winston's failure to obtain the

requisite expert certificate of merit is fatal to his claim.
Id.[4]

## VI.   CONCLUSION

Based on the foregoing, the Defendant's Motion for Summary Judgment (ECF No. 31) will be granted.   Winston's claim will be dismissed with prejudice.   The action will be dismissed.

---

[4] Even assuming inapplicability of the VMMA's expert certification requirement, Defendant remains entitled to summary judgment.   Under Virginia law, "a plaintiff must establish not only that a defendant violated the applicable standard of care, and therefore was negligent, the plaintiff must also sustain the burden of showing that the negligent acts constituted a proximate cause of the injury or death" Sanchez-Angeles v. United States, No. 7:07-cv-00596, 2008 WL 2704309, at *6 (W.D. Va. July 10, 2008) (quoting Bryan v. Burt, 486. S.E.2d 536, 539-40 (Va. 1997)).   Additionally, "'expert testimony is ordinarily necessary to establish the appropriate standard of care, to establish a deviation from the standard, and to establish that such deviation was the proximate cause of the claimed damages." Id. (quoting Raines v. Lutz, 341 S.E.2d 194, 196 (Va. 1986)). The exception, again, "exist[s] only in 'those rare cases in which a health care provider's act or omission is clearly negligent within the common knowledge of laymen.'" Id. (quoting Raines, 341 S.E.2d at 196 n.2).   As previously discussed, Winston has failed to provide necessary expert testimony. Moreover, Winston questions the professional medical judgment of Dr. Anderson, a matter that fails to fall within the common knowledge of a factfinder.   See Parker, 475 F. Supp. 2d at 598; Sanchez-Angeles, 2008 WL 2704309, at *6.   Without expert testimony, Winston lacks the ability to adduce evidence of negligence or establish proximate causation of his alleged injuries.   See Parker, 475 F. Supp. 2d at 599.   Thus, summary judgment is appropriately granted for the Defendant.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Winston and counsel for the United States.

An appropriate Order shall issue.

                                        /s/    _REP_

                              Robert E. Payne
                              Senior United States District Judge

Richmond, Virginia
Date: _December 9, 2013_

13